FÉLIX CHÉVERE CHÉVERE, Plaintiff and Appellant, *v.* INSULAR MOTORS CORPORATION, Defendant and Appellee.

No. 12318. Decided September 15, 1961.

*B. Sánchez Castaño* and *R. Rivero Cervera* for appellant. *Ismael* and *Edelmiro Soldevila* for appellee.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, and Mr. Justice Blanco Lugo and Mr. Justice Dávila.

PER CURIAM.

Plaintiff-appellant filed an action to compel the defendant Insular Motors Corporation to perform a contract entered into between them and to recover compensation for damages suffered as a result of the "cancellation" of the aforesaid contract. The trial court dismissed the complaint and plaintiff challenges the weighing of the evidence.

The plaintiff, according to the evidence presented, went to the Insular Motors Corporation in order to trade in his truck for another used truck of a more recent model. Defendant's salesman examined plaintiff's truck and after several interviews they agreed on a transaction on the following terms: plaintiff would deliver his truck, appraised at $1,200 and would pay $200 on the day defendant gave him the truck,

there remaining a debt of $400 which together with interest and surcharges would be paid in fifteen monthly installments of $33 each.

On the day that plaintiff took the truck to defendant's business the latter's salesman was busy with other clients and ordered that the unit sold be handed over to him, thus receiving plaintiff's unit without inspecting it. On the following day he noticed that the truck traded had no platform and the rear tires had been substituted by others which were worse than the ones it had when it had been appraised for $1,200. Under these conditions the transaction was not acceptable and in fact it was not the one agreed upon. Defendant's salesman then started for plaintiff's residence but met him on the road which leads to the sugar central of Toa Baja. He asked the latter to accompany him to Toa Alta in order to explain to him what the situation was in view of the fact that the truck was not in the same condition as when it had been assessed. They left the truck with someone watching it near the edge of the road and went to Toa Alta, where the salesman told him what had happened concerning the truck he had traded in and the position it put him with his superiors. Plaintiff admitted that he had taken the platform off and substituted the tires, and handed him the keys to the truck. That same evening defendant sent him a check for $200 which was the amount he had paid on the day he went to get the truck. On the day of the trial although plaintiff had not returned the check still he had not cashed it. The salesman asked the plaintiff to go get his truck but he did not do it and a week later they sent it to his home at Toa Alta.

The trial judge decided that plaintiff had agreed to cancel the contract and this finding is clearly supported by the evidence. The fact that in one of defendant's documents

related to this case there is stamped the words "deal cancelled" is of no importance. This fact does not alter what we have seen actually took place. The evidence supports the finding that the plaintiff agreed to cancel the contract.

The judgment appealed from is affirmed and the appeal being clearly frivolous, appellant is ordered to pay $300 as attorney's fees.